IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16cv148

| | |
|---|---|
| RICKY L. MASON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, Acting )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM AND<br>RECOMMENDATION** |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability benefits. This case is now before the Court on the parties' Motions for Summary Judgment. Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court **RECOMMENDS** that the District Court **DENY** the Motion for Summary Judgment [# 9], **GRANT** the Motion for Summary Judgement [# 10], and **AFFIRM** the decision of the Commissioner.

I.   **Procedural History**

Plaintiff filed an application for disability insurance benefits and for supplemental security income on December 27, 2013. (Transcript of

Administrative Record ("T.") 276-90.)  The application had a protective filing date of November 26, 2013.  (T. 21, 147-48.)  Plaintiff alleged an onset date of February 1, 2012.  (T. 21, 276, 344.)  The Social Security Administration denied Plaintiff's claims.  (T. 190-94.)  Plaintiff requested reconsideration of the decision, which was also denied.  (T. 200-06.)   A disability hearing was then held before an Administrative Law Judge ("ALJ").  (T. 44-82.)  The ALJ then issued a decision finding that Plaintiff was not disabled from February 1, 2012, through the date of the decision.  (T. 35.)   Plaintiff requested review of the ALJ's decision.  (T. 14.) The Appeals Council denied Plaintiff's request for review.  (T. 1-4.)  Plaintiff then brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001).  The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled.  Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).  Under this inquiry, the Commissioner must consider in sequence:

(1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits his ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520.

At the first two steps, the burden is on the claimant to make the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's residual functional capacity ("RFC"). Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether claimant can perform his or her past

relevant work. Id. The burden is on the claimant to demonstrate that he or she is unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that a claimant is not cable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience. Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a vocational expert, who offers testimony in response to a hypothetical question from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that a claimant is not disabled and deny the application for disability benefits. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

**III. The ALJ's Decision**

In his January 11, 2016, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 233(d) of the Social Security Act. (T. 35.) The

ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.

(2) The claimant has not engaged in substantial gainful activity since February 1, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

(3) The claimant has the following severe impairments: chronic liver disease, dysfunction of major joints, spine disorder, chronic obstructive pulmonary disease (COPD), other unspecified arthropathies, and substance abuse and affective disorder severe in combination (20 CFR 404.1520(c) and 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

(5) After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally climb ramps and stairs. He can never climb ropes, ladders or scaffolds. He can occasionally stoop, kneel, and crouch. He can never crawl. The claimant can frequently engage in handling and fingering. He shall not be exposed to hazards. He cannot be exposed to extreme cold or heat. He should have no concentrated exposure to wetness or humidity. He should have no exposure to fumes, dust, odors, or other pulmonary irritants. He can perform simple, routine and repetitive tasks. He should have no interaction with the public.

(6) The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

(7) The claimant was born on April 8, 1964 and was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

(8) The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

(11) The claimant has not been under a disability, as defined in the Social Security Act, from February 1, 2012, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(T. 23-35.)

**IV. Standard of Review**

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were

reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

## V.     Analysis[1]

At step five of the sequential evaluation process, the Commissioner bears the burden of demonstrating that Plaintiff can perform other work that exists in the national economy. Hines, 453 F.3d at 567. "The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which [a] particular claimant can perform."

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989).  Not only must the opinion of the vocational expert be based on all the evidence in the record, but "it must be in response to proper hypothetical questions which fairly set out all the claimant's impairments."  Id.; Hines, 453 F.3d at 566; Riley v. Chater, 57 F. App'x 1067 (4th Cir. 1995) (unpublished).

Plaintiff contends that the ALJ erred by asking an improper hypothetical to the vocational expert ("VE").  Specifically, Plaintiff contends that the ALJ's hypothetical failed to set forth all of Plaintiff's impairments because the hypothetical did not accurately account for the ALJ's findings at step three of the sequential evaluation that Plaintiff has moderate difficulties with regard to concentration, persistence or pace.  Plaintiff raises no other assignments of error in this case.

As a threshold matter, the Court notes that the hypothetical question the ALJ asked the VE in this case properly set forth each of the limitations the ALJ set forth in the RFC.  (T. 26, 75-79.)  The second hypothetical posed by the ALJ accurately reflected the ALJ's RFC determination.  (T. 26, 77-78.)   Because the ALJ asked the VE a hypothetical question that fairly set out each of the claimant's impairments as contained in the ALJ's RFC determination, the ALJ did not ask an improper hypothetical.  See Walker, 889 F.2d at 50; Hines, 453 F.3d at 566.

Rather, as the Fourth Circuit made clear in Mascio, the ALJ only erred in this case if the ALJ erred in considering Plaintiff's mental limitation in determining Plaintiff's RFC. 780 F.3d at 637-38. As the Fourth Circuit stated in Mascio:

> The ALJ's hypothetical, together with the vocational expert's unsolicited addition of "unskilled work," matched the ALJ's finding regarding Mascio's residual functional capacity. **Thus, the hypothetical was incomplete only if the ALJ failed to account for a relevant factor when determining Mascio's residual functional capacity.**

Id. (emphasis added). Fatal to Plaintiff's argument, however, is that he fails to raise as an assignment of error that the ALJ erred in construing Plaintiff's RFC. And this Court has repeatedly warned members of the social security bar, including Plaintiff's counsel, this Court will only consider those legal arguments properly set forth in a separate assignment of error. See e.g. Woods v. Colvin, 1:16cv58, 2017 WL 1196467, at *6 n.2 (W.D.N.C. Feb. 8, 2017) (Howell, Mag. J.) (collecting cases). In fact, this Court recently explained to counsel that it would not consider a challenge to an RFC determination contained within another assignment of error. Armstrong v. Colvin, 5:15cv110, 2016 WL 7200058, at *6 n.2 (W.D.N.C. Sept. 2, 2016) (Howell, Mag. J.) ("The Court notes that Plaintiff does not challenge the RFC determination of the ALJ in a separate assignment of error supported by legal authority, as required by this Court."). It is not the role of this Court to recraft a

legal argument submitted by counsel and make counsel's legal argument for him; this Court's role is to rule on the specific legal arguments presented by counsel. This is especially true in cases such as this where counsel presents a cursory legal argument spanning less than two full pages with virtually no legal argument.[2]

Even if Plaintiff had properly presented the argument that the ALJ erred in construing Plaintiff's RFC, remand would not be required in this case. In Mascio, the Fourth Circuit held that remand was required because the ALJ, after finding that the claimant had moderate limitations in concentration, persistence, or pace at step three as a side effect from her pain medications, failed to provide any explanation in the decision as to how the RFC incorporated the claimant's limitations in concentration, persistence, or pace. Mascio, 780 F.3d at 638. The Fourth Circuit also agreed with several other circuits that limiting a claimant to simple, routine tasks or unskilled work is not sufficient to account for a claimant's limitations in concentration, persistence, or pace. Id. Accordingly, the Fourth

---

2 The Commissioner's argument also misses the mark. The Commissioner focuses on the Fourth Circuit's rejection of a per se rule requiring remand in Mascio. The Fourth Circuit in Mascio found that a per se rule requiring remand was not appropriate where the ALJ fails to assess a claimant's residual functional capacity on a function by function basis. 780 F.3d at 365-6. The Fourth Circuit, however, found that remand was still required in Mascio because the ALJ failed to conduct meaningful analysis as to how the ALJ concluded that Mascio could perform certain functions despite conflicting evidence in the record as to Mascio's residual functional capacity. Id. at 636-37. Here, Plaintiff did not raise the issue of whether the ALJ engaged in a function by function analysis in assessing Plaintiff's RFC, and, thus, this portion of the Mascio decision has no application to this case.

Circuit remanded the case for the ALJ to explain why the claimant's "moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in Mascio's residual functional capacity." Id.

Here, the ALJ found at step three that Plaintiff had moderate difficulties with concentration based on his testimony that Plaintiff forgets things sometimes. (T. 25, 72.) In addition, the ALJ found that Plaintiff had moderate difficulties in social functioning. (T. 25.) The ALJ then addressed in more detail the mental limitations in discussing Plaintiff's RFC. (T. 28-29, 33.) The ALJ noted Plaintiff has no history of any mental health problems. (T. 28, 450.) The ALJ also discussed the findings of the consultative examiner who assessed a GAF score of 75, found that Plaintiff's memory was grossly intact, found that Plaintiff reported no significant problems with attention, concentration or memory on a daily basis, and determined that Plaintiff does not present with any mental health, cognitive, behavioral or social problems that would preclude work. (T. 28-29, 450-54.) The ALJ also found that Plaintiff's memory was not impacted by his mental impairment or by his abuse of alcohol. (T. 33.) Despite the lack of evidence in the record of a mental impairment that would impact Plaintiff's ability to work, and a vague statement by Plaintiff that his concentration was sometimes impacted, the ALJ gave Plaintiff every benefit by limiting Plaintiff to simple, routine and repetitive tasks, and by

prohibiting any interaction with the public. (T. 33.) As the ALJ stated in the decision:

> Also, the medical evidence clearly and substantially established the claimant's memory has not been significantly affected by his mental impairment, or by his abuse of alcohol. However, out of an abundance of precaution, I have found his mental impairment and alcohol abuse severe in combination and have accounted for them by limiting the claimant to the performance of simple, routine and repetitive tasks, and by prohibiting any interaction with the public.

(T. 33.)

In short, the ALJ adequately addressed Plaintiff's mental limitations in considering his RFC, accounted for the moderate limitations in social function and concentration at step two, and provided an explanation for how he arrived at the RFC to allow this Court to conduct meaningful review of the ALJ's RFC determination. Moreover, Plaintiff has not pointed this Court to any evidence in the record that would support a more restrictive mental RFC. If anything, the ALJ went too far in accommodating Plaintiff's alleged mental impairments and did so in contravention to the actual evidence in the record solely to give Plaintiff every benefit of the doubt in determining whether he was disabled. Because the ALJ did not err in either his hypothetical to the vocational expert or his mental RFC, the Court **RECOMMENDS** that the District Court **AFFIRM** the decision of the Commissioner.

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **DENY** the Motion for Summary Judgment [# 9], **GRANT** the Motion for Summary Judgement [# 10], and **AFFIRM** the decision of the Commissioner.

Signed: May 29, 2017

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).